BRADLEY E. JEWETT (SBN 222773)
brad@jewett-law.com
**JEWETT LAW, PC**
1055 W. 7th Street, Suite 3050
Los Angeles, CA 90017
Telephone: (213) 349-3400

Attorneys for Plaintiff
**CULVER CITY SURGICAL SPECIALISTS**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CULVER CITY SURGICAL SPECIALISTS, a California medical corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LAIRD PLASTICS, INC., in its capacity as Plan Administrator of the Laird Plastics Health Plan; LAIRD PLASTICS HEALTH PLAN,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT PURSUANT TO THE EMPLOYEES RETIREMENT INCOME SECURITY ACT OF 1974 FOR:**<br>1. **DISCLOSURE AND STATUTORY PENALTIES UNDER 29 U.S.C. §1132(c) AND 29 U.S.C. §1132(a)(1)(A);**<br>2. **DISCLOSURE UNDER 29 C.F.R. §2560.503-1**<br>3. **BENEFITS UNDER 29 U.S.C. §1132(a)(1)(B).**<br>4. **BREACH OF IMPLIED CONTRACT**<br>5. **BREACH OF ORAL CONTRACT**<br>6. **NEGLIGENT MISREPRESENTATION** |

///

///

///

- 1 -
COMPLAINT FOR DAMAGES

Plaintiff Culver City Surgical Specialists ("Culver") respectfully alleges as follows:

1. Culver at all times mentioned herein, was and is a California medical corporation conducting business in the County of Los Angeles, in the State of California.

2. Culver is informed and believes, and on that basis alleges, that defendant Laird Plastics Health Plan (the "Plan") is a self-funded employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), which can be found and is administered in the County of Los Angeles, in the State of California.

3. Culver is informed and believes, and on that basis alleges, that defendant Laird Plastics, Inc., is the plan administrator for the Plan (the "Plan Administrator"), and that this defendant can be found in the County of Los Angeles, in the State of California.

4. The defendants identified in paragraphs 2 and 3 are named based on information and belief because their true names are unknown due to their failure and refusal to disclose any of the documents that would provide such information, notwithstanding their obligation under ERISA and the Regulations to do so. Once these defendants are properly identified, Eden will amend the Complaint as necessary.

5. The jurisdiction of this Court is proper under 29 U.S.C. §1132(e), as this is a civil action under Section 502 of ERISA.

6. The venue of this action in this Court is proper under 29 U.S.C. §1132(e)(2), as these defendants may be found, and the Plan is administered in California's Central Judicial District, in the County of Los Angeles, State of California.

///

///

COMPLAINT FOR DAMAGES

### Culver's Standing

7. With respect to its first three causes of action for disclosure, statutory penalties and benefits, Culver hereby sues these defendants derivatively, appearing before this Court as the assignee of its patient, the plan participant who, for the purposes of privacy, is identified by his initials as "OM" (the "Plan Participant"). As a derivative suitor, Culver stands in the shoes of the assignor, and invokes the jurisdiction of the Court to enforce the Plan Participant's ERISA rights.

8. Subject matter jurisdiction of this Court is proper under 28 U.S.C. §1331, as Culver possesses and presents a colorable claim under ERISA.

9. With respect to its fourth, fifth and sixth claims for breach of implied contract, breach of oral contract and negligent misrepresentation, Culver hereby sues these defendants under the supplemental jurisdiction established by 28 U.S.C. § 1367. These state law claims are substantially related to the above-mentioned ERISA claims, and jurisdiction in this case is not based on diversity.

### Culver's Claims

10. Culver is informed and believes, and on that basis alleges, that at all times mentioned herein, the Plan Participant was a covered beneficiary under the Plan.

11. Culver is informed and believes, and on that basis alleges, that WebTPA ("WEB") serves as the claims administrator for the Plan.

12. Prior to providing medical care to the Plan Participant, Culver verified with the Plan that the Plan Participant was a covered beneficiary under the Plan. Culver specifically requested and was provided confirmation by a WEB representative, a contracted agent of the Plan, that certain specific contemplated medical procedures required to treat the Plan Participant were covered by the Plan, and that the Plan Participant was eligible to receive medical benefits for such procedures.

13. During the above-mentioned call, Culver inquired as to whether its claims would be paid according to Usual, Customary and Reasonable standards ("UCR"), and was advised that they would. At no point in time during this benefit verification process did these defendants or their representatives inform Culver that the Plan contains an anti-assignment provision, or that Culver's claims and/or related rights might be affected in any manner by an anti-assignment provision.

14. Prior to receiving medical care from Culver, the Plan Participant assigned her benefits and ERISA representative rights under the Plan to Culver (the "Assignment"). A redacted copy of the Assignment is attached to this Complaint as Exhibit "1". Based on the Assignment, Culver is a "beneficiary" of the Plan under 29 U.S.C. §1002(8), and thus stands in the shoes of the Plan Participant.

15. Based upon the information provided and the representation of coverage made to Culver by the Plan, Culver provided certain medical procedures to the Plan Participant on December 22, 2016.

16. Following these medical procedures, Culver submitted the required claim information, including revenue codes with accompanying fees and expenses, to the Plan for reimbursement ("Culver's Claim").

17. On February 23, 2016, the Plan issued an adverse benefit determination on Culver's Claim, whereby the claim was paid at a drastically reduced rate. An Explanation of Benefits ("EOB") provided by the Plan provided Culver with no meaningful information, and no explanation as to how Culver's Claim was processed.

### Culver's Document Production Demand

18. Based upon the lack of information included with the February 23, 2016 adverse benefit determination of Culver's Claim, on March 20, 2017, Culver demanded, in writing, that these defendants produce the contracts, agreements and documents under which the Plan is established and/or operated, including all

relevant information, records and documents regarding the processing of Culver's Claim (the "Documents"), pursuant to 29 U.S.C. §1024(b)(4) <u>and</u> 29 C.F.R. §2560-503.1 paragraphs (g), (h) and (m).  In this letter, Culver advised the defendants that it represented the Plan Participant in all matters relating to Culver's Claim as an authorized representative and also an assignee under the Assignment.  Culver confirmed the Plan's receipt of its demand.  As of the filing of this suit the Plan has not responded.

19. On March 20, 2017, Culver also appealed the adverse benefit determination on Culver's Claim to WEB ("Culver's Appeal").  A copy of Culver's Appeal was sent to the Plan.

20. No documents have been disclosed by these defendants or WEB. These defendants thus failed and refused, and continue to fail and refuse, to respond to Culver's requests for any of the Documents, which includes all Relevant Information, records, and documents relating to Culver's Claim pursuant to 29 U.S.C. §1024(b)(4) and 29 C.F.R. §2560.503-1.

21. Administrative remedies were exhausted with respect to Culver's Claim based on the defective notice provided by these defendants.

22. As of the date this lawsuit was filed, Culver's Claim was processed in a manner that does not comport with the information provided during the verification process, and these defendants and their agents failed and refused to explain this discrepancy, much less provide evidence explaining or justifying the claims reimbursement process.  Because Culver lacked any other reasonable way to access to the requested information, it was necessary to file this lawsuit.

///

///

///

///

COMPLAINT FOR DAMAGES

# FIRST CAUSE OF ACTION
# FOR DISCLOSURE AND STATUTORY PENALTIES FOR
# FAILURE TO DISCLOSE REQUIRED DOCUMENTS
# UNDER 29 U.S.C. § 1024(b)(4)

23. Culver realleges and incorporates herein by this reference paragraphs 1 through 22, inclusive, of this Complaint.

24. As an ERISA fiduciary and plan administrator, the Plan Administrator had a duty to disclose the Documents upon receiving Culver's written request, and if necessary, to obtain any such documents not in its possession from subordinate claims administrators, including but not limited to WEB.

25. The Plan Administrator breached this duty by failing to produce any of Documents after receiving Culver's written request, in violation of 29 U.S.C. §1024(b)(4).

26. The Plan Administrator's failure to produce any of the Documents and provide a full and fair review denied Culver the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the administration and processing of Culver's Claim. In addition, The Plan Administrator's failure to produce any of the Documents negatively impacted and continues to negatively impact Culver's ability to appeal and pursue the unpaid benefits at issue in this lawsuit. To date, the Plan Administrator has not produced any of the required Documents, has not participated in the administrative process.

27. Accordingly, the Plan Administrator should be ordered to disclose all of the Documents, and subject to the statutory penalty prescribed by 29 U.S.C. §1132(c), in the amount of $110.00 per day, per claim, commencing on April 20, 2017, through and including the date judgment is entered in this action, or the date that all of the Documents are received, whichever comes first.

28. In addition, Culver is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION
## FOR DISCLOSURE OF REQUIRED DOCUMENTS
## UNDER 29 C.F.R. § 2560.503-1.

29. Culver realleges and incorporates herein by this reference paragraphs 1 through 28, inclusive, of this Complaint.

30. As an ERISA fiduciary and administrator of the Plan, the Plan Administrator had a duty to disclose the Documents upon receiving Culver's written request, and if necessary, to obtain any such documents not in its possession from subordinate claims administrators, including but not limited to Cigna.

31. The Plan Administrator breached this disclosure duty by failing and refusing to produce relevant Documents after receiving Culver's written request, in violation of 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m). The Plan Administrator's failure to produce any of the Documents, including the Relevant Information, denied Culver the opportunity to know exactly where it stands with respect to the Plan and the operation thereof regarding the administration and processing of Culver's Claim. In addition, the Plan Administrator's failure to produce any of the Documents negatively impacted and continues to negatively impact Culver's ability to appeal and pursue the unpaid benefits at issue in this lawsuit. To date, the Plan Administrator has not produced any of the required Documents.

32. Accordingly, the Plan Administrator should be ordered to immediately disclose all of the Documents, in accordance with the Regulations.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

## FOR BENEFITS

## UNDER 29 U.S.C § 1132(a)(1)(B)

33. Culver realleges and incorporates herein by this reference paragraphs 1 through 32, inclusive, of this Complaint.

34. As the Plan Participant's assignee, Culver is entitled to receive certain benefits under the Plan.

35. Culver was unlawfully denied these benefits with regard to Culver's Claim.

36. Culver's appeal of the subject adverse benefit determination was improperly and summarily denied.

37. Culver attempted to gain information regarding the subject adverse benefit determinations, but its requests for disclosure were rebuffed by these defendants and WEB, as they failed to produce any of Documents before this lawsuit was filed. To date, the Plan Administrator has not produced any of the required Documents.

38. Culver is entitled to damages as compensation for the benefits it was entitled to receive but unlawfully denied by the Plan, in an amount to be proven at trial.

39. In addition, Culver is entitled to an award of the reasonable attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

## FOURTH CAUSE OF ACTION

## FOR BREACH OF IMPLIED CONTRACT

40. Culver realleges and incorporates herein by this reference paragraphs 1 through 39, inclusive, of this Complaint.

41. Prior to providing services to the Plan Participant, Culver informed these defendants that the Plan Participant was scheduled for certain medically necessary surgical procedures at Culver.

42. These defendants confirmed that the Plan Participant was covered under the Plan, and that the Plan covered the medical services, supplies and equipment Culver eventually provided to the Plan Participant.

43. Medical providers routinely contact plan administrators to verify coverage prior to providing health care services. This is the way health care providers conduct business every day. Culver and these defendants understood that, based on the representations of coverage upon which Culver reasonably relied, in exchange for providing medically necessary services Culver would be paid for the medically necessary services, supplies and equipment at the agreed rate of compensation. Under the terms of the Plan, Culver was entitled to reimbursement consistent with the UCR.

44. These defendants understood that Culver's provision of medical services, supplies and equipment to the Plan Participant would require reimbursement in the manner described above.

45. Culver performed the contemplated procedures as planned, and Culver's Claim was timely submitted to the Plan. The total charges for the medical services, supplies and equipment provided to the Plan Participant were approximately $43,390.00.

46. On or about December 22, 2016, after the medical services, supplies and equipment were provided to the Plan Participant, these defendants breached the implied contract by issuing a drastically reduced payment on Culver's Claim, which does not reflect the agreed upon reimbursement rate. Culver was not provided with any other information that might help it better understand the payment received from these defendants.

47. Because Culver's Claim was paid at $3,004.12 and no further payments were received, the balance still due is an amount believed to exceed $40,000.00.

48. These defendants acknowledged and accepted financial responsibility for the medical services, supplies and equipment provided to the Plan Participant by Culver, and agreed to pay for those services, supplies and equipment.

49. Culver performed all conditions, covenants and promises required in accordance with the terms and conditions of this implied contract by providing the medical services, supplies and equipment to the Plan Participant.

50. As a direct and proximate result of these defendants' breach of implied contract, Culver has suffered damages in an amount to be proven at trial, which is currently estimated to be in excess of $40,000.00, plus interest.

## FIFTH CAUSE OF ACTION
## FOR BREACH OF ORAL CONTRACT

51. Culver realleges and incorporates herein by this reference paragraphs 1 through 50, inclusive, of this Complaint.

52. Prior to providing services to the Plan Participant, Culver and these defendants entered into an oral agreement whereby Culver agreed to provide medical services, supplies and equipment to the Plan Participant in exchange for which these defendants agreed to pay Culver according to the UCR.

53. Based upon the information provided and the representations of coverage made by the Plan, Culver provided the contemplated medical services, supplies and equipment to the Plan Participant.

54. On or about December 22, 2016, after the medical services, supplies and equipment were provided to the Plan Participant, these defendants breached the oral agreement by issuing a drastically reduced payment on Culver's Claim. Culver was not provided with any of the information requested that might help it better understand the nominal payment received from these defendants.

55. Culver performed all conditions, covenants and promises in accordance with the terms and conditions of this oral agreement by providing the medical services, supplies and equipment to the Plan Participant.

56. As a direct and proximate result of these defendants' breach of oral contract, Culver suffered damages in an amount to be proven at trial, which is currently estimated to be in excess of $40,000.00, plus interest.

## SIXTH CAUSE OF ACTION
## FOR NEGLIGENT MISREPRESENTATION

57. Culver realleges and incorporates herein by this reference paragraphs 1 through 56, inclusive, of this Complaint.

58. Prior to providing services to the Plan Participant, these defendants represented to Culver that the Plan Participant was a covered beneficiary under the Plan. Culver specifically requested and was provided confirmation from the Plan that certain specific contemplated medical procedures required to treat the Plan Participant were covered by the Plan, and that the Plan Participant was eligible to receive medical benefits for such procedures.

59. The Plan represented that the medical care rendered to the Plan Participant would be reimbursed in accordance with the UCR.

60. These defendants and/or their agents made such representations with the belief that they were true. These representations induced Culver to provide the underlying medical services, supplies and equipment to the Plan Participant, and deterred Culver from making other arrangements for payment. Culver reasonably relied upon these defendants' misrepresentations.

61. These defendants made the above-mentioned representations to Culver without reasonable grounds for believing them to be true. These defendants now take the position that Culver's Claims should be processed in a drastically different manner, yielding a drastically reduced payment. Culver would not have agreed to provide $43,390.00 in medical services and supplies if it had been advised it would receive $3,004.12 in compensation.

/ / /

/ / /

COMPLAINT FOR DAMAGES

62. At the time the above-mentioned representations were made by these defendants, Culver was ignorant of the falsity of their representations and believed them to be true.

63. On or about December 22, 2016, after the contemplated medical services, supplies and equipment were provided to the Plan Participant, these defendants issued a drastically reduced payment on Culver's Claim. Despite its subsequent requests for the Documents and the Relevant Information, Culver was not provided with any information necessary to understand the adverse benefit determination received from these defendants.

64. As a direct and proximate result of its reliance, Culver suffered damages in an amount to be proven at trial, which is currently estimated to be in excess of $40,000.00, plus interest.

## PRAYER

WHEREFORE, plaintiff Culver Surgical Center prays for judgment against the Plan Administrator and the Plan, as follows:

### ON THE FIRST CAUSE OF ACTION

1. For an order or judgment of the Court compelling the Plan Administrator's immediate production of all of the Documents, in accordance with 29 U.S.C. §1024(b)(4);

2. For an award of the statutory penalties under 29 U.S.C. §1132(c) in the amount of $110.00 per day, per claim, from November 10, 2016 through and including the date judgment is entered in this action, or the date that all of the Documents are received, whichever comes first; and

3. For an award of Culver's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

/ / /

/ / /

COMPLAINT FOR DAMAGES

### ON THE SECOND CAUSE OF ACTION

1. For an order or judgment of the Court compelling the Plan Administrator's immediate production of all of the Documents, in accordance with 29 C.F.R. §2560.503-1 paragraphs (g), (h) and (m).

### ON THE THIRD CAUSE OF ACTION

1. For an award of compensatory damages against the Plan in an amount to be proven at trial, based, *inter alia*, on the benefits the Plan Participant and Culver were entitled to receive under the Plan; and

2. For an award of Culver's attorneys' fees incurred in this action, pursuant to 29 U.S.C. §1132(g)(1).

### ON THE FOURTH, FIFTH AND SIXTH CAUSES OF ACTION

1. For compensatory damages in an amount to be determined at trial.

### ON ALL CAUSES OF ACTION

1. For an award of interest due at the maximum rate allowed by law;
2. For an award of Culver's costs of suit incurred herein; and
3. For such other and further relief as the Court deems just and proper.

Dated: May 18, 2017

JEWETT LAW, PC

By: _____
Bradley E. Jewett
Attorneys for Plaintiff
**CULVER CITY SURGICAL SPECIALISTS**